UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

BERNICE BATTLE and WILLIE
BATTLE,

    Plaintiffs,

v.                                  Case No: 2:15-cv-563-FtM-38CM

DEUTSCHE BANK NATIONAL
TRUST COMPANY, AMERICAN
HOME MORTGAGE SERVICING
INC. and AMERIQUEST
MORTGAGE COMPANY,

    Defendants.
_____/

## ORDER[1]

This matter comes before the Court on Defendant Ameriquest Mortgage Company's Motion to Dismiss Plaintiffs' Complaint (Doc. #7) filed on September 22, 2015. Plaintiffs Bernice Battle and Willie Battle filed a Response in Opposition on October 13, 2015 (Doc. #16). The matter is ripe for review.

### Background[2]

This action arises from the mortgage, and subsequent foreclosure, of 1924 Fountain Street, Fort Myers, Florida 33916 ("the Property"). Plaintiffs purchased the

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

[2] The Complaint alleges the following facts, which the Court accepts as true for the purpose of deciding the instant Motion to Dismiss. *See Speaker v. U.S. Dep't of Health and Human Servs. Ctrs. for Disease Control and Prevention*, 623 F.3d 1371, 1379 (11th Cir. 2010).

Property by executing and delivering a promissory note to Ameriquest on May 24, 2004. (Doc. #2 at 3). A few months later, Ameriquest sold its interest in the mortgage and note to a third party, who is also a Defendant to this action. (Doc. #2 at 3). In doing so, Ameriquest violated a provision of the mortgage. (Doc. #2 at 3-4). This improper assignment was not recorded until January 20, 2009 – nearly five years later. (Doc. #2 at 4). After the assignment was recorded, the mortgage servicer changed from Ameriquest to Defendant Ameriquest Home Mortgage Servicing Inc. (Doc. #2 at 4). The new owner of the mortgage and note filed a verified complaint for foreclosure on April 13, 2011, and the Property was sold at a foreclosure auction on April 2, 2014. (Doc. #2 at 5). On these limited facts, Plaintiffs assert seven counts. (Doc. #2 at 5-14). Only two of these counts are asserted against Ameriquest – Negligence (Count 1) and Breach of Contract (Count 5). (Doc. #2 at 5-6, 9-10).

## Standard

In deciding a Rule 12(b)(6) motion to dismiss, the Court limits its consideration to well-pleaded factual allegations, documents central to, or referenced in, the complaint, and matters judicially noticed. *La Grasta v. First Union Sec., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004). The Court must accept all factual allegations in a plaintiff's complaint as true and take them in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). Conclusory allegations, however, are not entitled to a presumption of truth. *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009); *Marsh v. Butler County, Ala.*, 268 F.3d 1014, 1036 n. 16 (11th Cir. 2001).

The Court employs the *Twombly–Iqbal* plausibility standard when reviewing a complaint subject to a motion to dismiss. *Randall v. Scott*, 610 F.3d 701, 708 n.2 (11th

Cir. 2010). A claim is plausible if the plaintiff alleges facts that "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678, 129 S.Ct. 1937. The plausibility standard requires that a plaintiff allege sufficient facts "to raise a reasonable expectation that discovery will reveal evidence" that supports the plaintiff's claim. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007); *Marsh*, 268 F.3d at 1036 n.16. Thus, "the-defendant-unlawfully harmed me accusation" is insufficient. *Iqbal*, 556 U.S. 662, 677, 129 S.Ct. 1937, 173 L.Ed.2d 868. "Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Id.* (internal modifications omitted). Further, courts are not "bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986).

Because Plaintiffs are proceeding *pro se*, the Court construes the Complaint more liberally than had it been drafted by an attorney. See *Powell v. Lennon*, 914 F.2d 1459, 1463 (11th Cir.1990).

**Discussion**

Ameriquest presents several arguments as to why this action, as asserted against it, should be dismissed. The Court does not need to proceed further than the first of these arguments to agree. That argument contends the two counts asserted against Ameriquest, negligence and breach of contract, are barred by the applicable statute of limitations. (Doc. #7 at 4-5). Plaintiffs' only response to this argument is that the mortgage assignment "reflects a filing date of January 20, 2009, which was not sent to [them]" and constitutes "newly discovered evidence." (Doc. #16 at 7).

A court may grant a motion to dismiss on statute of limitation grounds "only if it apparent from the fact of the complaint that the claim is time-barred." *La Grasta*, 358 F.3d at 845. The first claim asserted against Ameriquest for negligence is based on Ameriquest's alleged failure to properly service the loan by, among other things, not crediting payments made by Plaintiffs. Pursuant to Florida law, an action founded on negligence has a four year statute of limitation. Fla. Stat. § 95.11. Because the Complaint alleges Ameriquest ceased servicing the loan in 2009 (Doc. #2 at 4), any negligent act committed by Ameriquest related to the servicing of the loan is time-barred. Therefore, Count 1, as asserted against Ameriquest, must be dismissed with prejudice.

The second claim asserted against Ameriquest for breach of contract is based on Ameriquest selling its interest in the mortgage and note to a third party. As noted above, the Complaint alleges this sale occurred in July 2004, but was not recorded until January 2009. (Doc. #2 at 9-10). Pursuant to Florida law, a legal action based on a contract has a five year statute of limitation, § 95.11, which beings to run when the cause of action accrues, *Blumberg v. USAA Cas. Ins. Co.*, 790 So. 2d 1061, 1069 (Fla. 2001). No matter whether the Court uses 2004 or 2009 as the date when the cause of action accrued, any breach of contract committed by Ameriquest related to the sale of its interest in the mortgage and note is time-barred. Therefore, Count 5 is dismissed with prejudice in its entirety.

Accordingly, it is now

**ORDERED:**

1. Defendant Ameriquest Mortgage Company's Motion to Dismiss Plaintiffs' Complaint (Doc. #7) is **GRANTED**.

2. Count 1, only as to Defendant Ameriquest Mortgage Company, is dismissed with prejudice.

3. Count 5 is dismissed with prejudice in its entirety.

4. The Clerk is directed to terminate Defendant Ameriquest Mortgage Company from this action.

**DONE** and **ORDERED** in Fort Myers, Florida, this 21st day of October, 2015.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record