UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

BERNICE BATTLE and WILLIE BATTLE,

       Plaintiffs,

v.

DEUTSCHE BANK NATIONAL TRUST COMPANY and AMERICAN HOME MORTGAGE SERVICING INC.,

       Defendants.
                                          /

Case No: 2:15-cv-563-FtM-38CM

### **ORDER**[1]

This matter comes before the Court on Defendants Deutsche Bank National Trust Company and American Home Mortgage Servicing Inc.'s Motion to Dismiss Plaintiffs' Complaint (Doc. #10) filed on September 24, 2015. Plaintiffs Bernice Battle and Willie Battle filed a Response in Opposition on October 15, 2015 (Doc. #20). The matter is ripe for review.

### **Background**[2]

This action arises from the mortgage, and subsequent foreclosure, of 1924 Fountain Street, Fort Myers, Florida 33916 ("the Property"). Plaintiffs purchased the

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

[2] The Complaint alleges the following facts, which the Court accepts as true for the purpose of deciding the instant Motion to Dismiss. *See Speaker v. U.S. Dep't of Health and Human Servs. Ctrs. for Disease Control and Prevention*, 623 F.3d 1371, 1379 (11th Cir. 2010).

Property by executing and delivering a promissory note to Defendant Ameriquest Mortgage Company[3] on May 24, 2004.  (Doc. #2 at 3).  A few months later, Deutsche purchased Ameriquest's interest in both the note and mortgage.  (Doc. #2 at 3).  Shortly thereafter, American Home began servicing the mortgage.  (Doc. #2 at 4).  Deutsche filed a verified complaint for foreclosure on April 13, 2011, and the Property was sold at a foreclosure auction on April 2, 2014.  (Doc. #2 at 5).  On these limited facts, Plaintiffs assert seven counts.  (Doc. #2 at 5-14).  Only six of these counts are asserted against Deutsche and American Home – Negligence (Count 1); Fraud (Count 2); Void or Cancel Certificate of Title (Count 3); Wrongful Foreclosure (Count 4); Breach of Implied Covenant of Good Faith and Fair Dealing (Count 6); and Quiet Title (Count 7).  (Doc. #2 at 5-13).

## Standard

In deciding a Rule 12(b)(6) motion to dismiss, the Court limits its consideration to well-pleaded factual allegations, documents central to, or referenced in, the complaint, and matters judicially noticed.  *La Grasta v. First Union Sec., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004).  The Court must accept all factual allegations in a plaintiff's complaint as true and take them in the light most favorable to the plaintiff.  *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008).  Conclusory allegations, however, are not entitled to a presumption of truth.  *Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Marsh v. Butler County, Ala.*, 268 F.3d 1014, 1036 n. 16 (11th Cir. 2001).

The Court employs the *Twombly–Iqbal* plausibility standard when reviewing a complaint subject to a motion to dismiss.  *Randall v. Scott*, 610 F.3d 701, 708 n.2 (11th Cir. 2010).  A claim is plausible if the plaintiff alleges facts that "allow[ ] the court to draw

---

[3] Ameriquest has since been dismissed from this action.  (Doc. #23).

the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.  The plausibility standard requires that a plaintiff allege sufficient facts "to raise a reasonable expectation that discovery will reveal evidence" that supports the plaintiff's claim.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007); *Marsh*, 268 F.3d at 1036 n.16.  Thus, "the-defendant-unlawfully harmed me accusation" is insufficient.  *Iqbal*, 556 U.S. at 677.  "Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Id.* (internal modifications omitted).  Further, courts are not "bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

Because Plaintiffs are proceeding *pro se*, the Court construes the Complaint more liberally than had it been drafted by an attorney.  See *Powell v. Lennon*, 914 F.2d 1459, 1463 (11th Cir.1990).

## Discussion

*A.  Res Judicata*

Defendants first argue res judicata bars Plaintiffs' claims.  In support, Defendants point to previous Florida state court litigation between the parties where issues related to the foreclosure were, or could have been, adjudicated on the merits.[4]  Plaintiffs failed to respond to this argument.  Pursuant to Florida law,[5] the doctrine of res judicata provides:

---

[4] Defendants attached several exhibits related to the Florida state court litigation to their Motion.  (Docs. ##10-3, 10-4, 10-5, 10-6, and 10-7).  The Court will take judicial notice of these state court files for the purposes of recognizing the judicial acts taken in that litigation and understanding the subject matter of that litigation.  See *United States v. Jones*, 29 F.3d 1549, 1553 (11th Cir. 1994).

[5] Defendants incorrectly rely on the doctrine of res judicata under federal law in their Motion.  (Doc. #10 at 4 (citing *Ragsdale v. Rubbermaid, Inc.,* 193 F.3d 1235, 1238 (11th Cir. 1999)).  See *Cmty. State Bank v. Strong*, 651 F.3d 1241, 1263 (11th Cir. 2011) ("In considering whether to give preclusive effect to state-court judgments under res judicata or collateral estoppel, the federal court must apply the rendering state's law of preclusion.").

> A judgment on the merits rendered in a former suit between the same parties or their privies, upon the same cause of action, by a court of competent jurisdiction, is conclusive not only as to every matter which was offered and received to sustain or defeat the claim, but as to every other matter which might with propriety have been litigated and determined in that action.

*Fla. Dep't of Transp. v. Juliano*, 801 So. 2d 101, 105 (Fla. 2001) (citation omitted). Determining whether this doctrine applies therefore requires the Court to consider whether the alleged prior decision (1) was rendered by a court of competent jurisdiction; (2) was final; (3) involved the same parties or their privies; and (4) involved the same causes of action.

The first two elements cannot be disputed. There is no doubt the Circuit Court of the Twentieth Judicial Circuit, in and for Lee County, Florida was a court of competent jurisdiction for a foreclosure action. *See* Fla. Stat. § 26.012(g) ("[Circuit courts] shall have exclusive original jurisdiction . . . in all actions involving the title and boundaries of real property."). Nor is there doubt that the Florida state court entered a final judgment. (Doc. #10-4). The only elements for the Court to determine then are whether the state court action involved the same parties or their privies and the same causes of action.

The third element asks whether the state court action involved the same parties or their privies. Defendants fail to argue that American Home was a party to the foreclosure action, or one of those parties' privies. And the judicially-noticed documents from those proceedings fail to illustrate how American Home was involved in that action either. Therefore, the res judicata argument must be denied as to American Home. Deutsche, on the other hand, is the named plaintiff in the foreclosure action. Likewise, Plaintiffs are

4

named as defendants in that action.  Because Deutsche and Plaintiffs were named parties in the foreclosure action, the third element is satisfied.

The fourth element asks whether the former foreclosure action involved the same causes of action as those asserted here. To make this determination, the Court must consider "whether the facts or evidence necessary to maintain the suit are the same in both actions." *Lozman v. City of Riviera Beach, Fla.*, 713 F.3d 1066, 1074-75 (11th Cir. 2013) (citing *Tyson v. Viacom, Inc.*, 890 So. 2d 1205, 1209 (Fla. 4th DCA 2005)).  Stated differently, "[c]laims are considered the same cause of action if the facts essential to the maintenance of both actions are the same, that is, if the evidence in both cases is in essence the same." *Madura v. Countrywide Home Loans, Inc.*, 344 F. App'x 509, 517 (11th Cir. 2009) (citation omitted).  Importantly, courts must consider not only the matters that were actually litigated, but also "every other matter which the parties might have litigated . . . within the issues as framed by the pleadings or as incident to or essentially connected with the subject matter of the first litigation." *Lozman*, 713 F.3d at 1078 (citing *Zikofsky v. Mktg. 10, Inc.*, 904 So. 2d 520, 523 (Fla. 4th DCA 2005)).  This "extends to essentially connected claims that a defendant in a former action failed to raise as a defense." *Id.*  The Court will analyze this element on a claim-by-claim basis.

The first claim asserted against Deutsche is for negligence.  Plaintiffs allege Deutsche and other Defendants "failed to properly and accurately credit payments made"; "prepare[d] and fil[ed] false documents"; and "foreclose[d] on the [] Property without having the legal authority and/or proper documentation to do so." (Doc. #2 at 5-6).  Each allegation constitutes essentially connected claims that Plaintiffs could have raised, but failed to raise, as defenses to the foreclosure action.  Each allegation also shares

essentially the same evidence with the foreclosure action – i.e., whether Plaintiffs paid the note on time, whether Deutsche owned the mortgage tied to the note, and whether Deutsche had the legal authority and proper documentation to foreclose on the Property. Consequently, Count 1, as asserted against Deutsche, must be dismissed with prejudice.

The second claim asserted against Deutsche is for fraud. Plaintiffs allege Deutsche and other Defendants "failed to properly credit payments made and foreclosed on the [] Property based on Plaintiffs' alleged non-payment which they knew to be false." (Doc. #2 at 6-7). The analysis for the previous claim is equally applicable here. Each allegation is a defense that Plaintiffs could have raised, but failed to raise, in the foreclosure action. Each allegation also shares essentially the same evidence with the foreclosure action. Therefore, Count 2, as asserted against Deutsche, must be dismissed with prejudice.

The third claim asserted against Deutsche is a claim to void or cancel certificate of title. Plaintiffs allege "the [m]ortgage which purportedly secured the [n]ote, which served as the basis for a claim to have the right to conduct a non-judicial foreclosure was at all times void due to the lack of assignment to [Deutsche and other] Defendants." (Doc. #2 at 7-8). Likewise, the fourth claim, asserting a claim for wrongful foreclosure, alleges Deutsche and other Defendants were not "lawfully appointed as trustee" and never "had the original note assigned to them." Again, res judicata applies because these allegations, or nearly identical allegations, were asserted as defenses in the foreclosure action and because the evidence needed for these allegations and the foreclosure action is essentially the same. (Docs. ##10-3, 10-7). Accordingly, Counts 3 and 4, as asserted against Deutsche, must be dismissed with prejudice.

6

The sixth claim asserted against Deutsche is for breach of implied covenant of good faith and fair dealing. Plaintiffs allege Deutsche and other Defendants did not act in good faith and deal fairly by refusing to "properly apply" payments to their loan and by continuing with the foreclosure action even though "Plaintiffs provided proof of payments for the allegedly skipped months." (Doc. #2 at 10-11). There is no difference between this claim and several, if not all, of the previous claims. Plaintiffs could have asserted, but failed to assert, this defense in the foreclosure action. And the evidence needed to support this claim – i.e., whether Plaintiffs properly paid the note attached to the mortgage – is undoubtedly the same evidence presented and used in the foreclosure action. Therefore, Count 6, as asserted against Deutsche, must be dismissed with prejudice.

The final claim asserted against Deutsche is for quiet title. Plaintiffs allege Deutsche "had no right to title or interest in the [] Property and no right to entertain any rights of ownership including the right to foreclosure, offering the [] Property for sale, or demanding possession." (Doc. #2 at 12-13). Because Florida is a lien theory state,[6] this exact claim arguably could not have been brought against Deutsche in the foreclosure action because Deutsche did not have title to the Property yet. With that said, however, the evidence needed to support this claim – i.e., whether the note and mortgage were properly assigned to Deutsche and whether it therefore had a right to foreclose on the Property after non-payment – is identical to the evidence needed to support the foreclosure action. Moreover, because this claim is based entirely on the idea that the

---

[6] See *City of Gainesville v. Charter Leasing Corp.*, 483 So. 2d 465, 467 (Fla. 1st DCA 1986) ("Because Florida is a lien theory state, the assignment of a mortgage lien is not a conveyance or a transfer of any interest in land covered by the mortgage, but is only an assignment or transfer of the lien created by the mortgage.") (citations omitted).

assignment to Deutsche was invalid, it could have been brought as a defense to the foreclosure action.  Therefore, Count 7 must be dismissed with prejudice.

For the reasons set forth above, the Court finds every count asserted against Deutsche in this action must be dismissed with prejudice on res judicata grounds.

B.    *Failure to State a Claim*

In the alternative to its res judicata argument (which the Court has denied), American Home contends each count asserted against it must be dismissed for failure to state a claim.  (Doc. #10 at 6-11).  Plaintiffs failed to respond to this argument. The Court agrees with American Home and will evaluate this argument on a claim-by-claim basis.

The first claim asserted against American Home is for negligence.  (Doc. #2 at 5-6).  There are four elements to a negligence claim under Florida law: (1) duty; (2) breach; (3) causation; and (4) damages.  See *Curd v. Mosaic Fertilizer, LLC*, 39 So. 3d 1216, 1227 (Fla. 2010).  Count 1 alleges only two of these elements.  Plaintiffs allege American Home "owed a duty to exercise reasonable care and skill to maintain proper and accurate loan records and to discharge and fulfill other incidents attendant to the maintenance, accounting, and servicing of loan records, including, but not limited [sic], accurate crediting of payments made by Plaintiffs."  (Doc. #2 at 5).  Plaintiffs also allege American Home breached this duty by "failing to properly and accurately credit payments made by Plaintiffs toward the loan . . . ." (Doc. #2 at 5-6).

Beyond those allegations, however, Plaintiffs allege only that "[a]s a direct and proximate result of the negligence and carelessness of [American Home] as set forth above, Plaintiffs suffered general and special damages in an amount to be determined at trial."  (Doc. #2 at 5-6).  These naked assertions devoid of further factual enhancement

8

for the third and fourth elements fail to support a *prima facie* negligence claim under Florida law.  Therefore, Count 1, as asserted against American Home, must be dismissed without prejudice.  The Court will allow Plaintiffs the opportunity to amend this claim to allege the additional factual details necessary to assert a *prima facie* negligence claim.

The second claim asserted against American Home is for fraud.  (Doc. #2 at 6-7). Federal Rule of Civil Procedure 9(b) demands that when alleging fraud, "a party must state with particularity the circumstances constituting fraud. . . ."  This means "a plaintiff must plead facts as to time, place and substance of the defendant's alleged fraud, specifically the details of the defendant's allegedly fraudulent acts, when they occurred, and who engaged in them."  *United States v. McInteer*, 470 F.3d 1273, 1278 (11th Cir. 2006).  Stated differently, "[t]his means who, what, when, where, and how: the first paragraph of any newspaper story."  *Garfield v. NDC Health Corp.*, 466 F.3d 1255, 1262 (11th Cir. 2006).  Count 2 fails to meet this standard.  In alleging fraud, Plaintiffs provide no specific details, but only general allegations that American Home "failed to properly credit payments made" and used that as a basis to support Deutsch's foreclosure of the Property.  (Doc. #2 at 6-7).  Therefore, Count 2, as asserted against American Home, must be dismissed without prejudice.  The Court will allow Plaintiffs the opportunity to amend this claim to allege the who, what, when, where, and how, necessary to meet Rule 9(b)'s pleading standard.

The third claim asserted against American Home is to void or cancel certificate of title.  (Doc. #2 at 7-8).  Because American Home does not own, nor has ever owned, the title to the Property, there appear no additional facts that will allow this claim to survive, even after amendment.  Therefore, Count 3 is dismissed with prejudice.  The fourth claim

asserted against American Home is for wrongful foreclosure. (Doc. #2 at 8-9). Because American was never involved in the foreclosure process, there appear no additional facts that will allow this claim to survive either. Consequently, Count 4 is dismissed with prejudice.

The final claim asserted against American Home is for breach of the implied covenant of good faith and fair dealing. (Doc. #2 at 10-11). Pursuant to Florida law, every contract contains an implied covenant of good faith and fair dealing. *County of Brevard v. Miorelli Eng'g, Inc.*, 703 So. 2d 1049, 1050 (Fla. 1997). But to enjoy this implied covenant, there must a contract. Here, Plaintiffs fail to allege the existence of any express contract between themselves and American Home. Without this allegation, Count 6, as asserted against American Home, must be dismissed without prejudice. The Court will allow Plaintiffs the opportunity to amend this claim to allege the existence of an express contract, if one existed between the parties.

Accordingly, it is now

**ORDERED:**

1. Defendants Deutsche Bank National Trust Company and American Home Mortgage Servicing Inc.'s Motion to Dismiss Plaintiffs' Complaint (Doc. #10) is **GRANTED in part**.

2. Counts 3 and 4, as asserted against all Defendants, are **DISMISSED with prejudice.**

3. Counts 1, 2, 6, and 7, as asserted against Defendant Deutsche Bank National Trust Company, are **DISMISSED with prejudice.**

4. Counts 1, 2, and 6, as asserted against Defendant American Home Mortgage Servicing Inc., are **DISMISSED without prejudice.** Plaintiffs have until **Thursday, November 12, 2015**, to amend these claims, as specified in this Order.

5. The Clerk is directed to terminate Defendant Deutsche Bank National Trust Company from this action.

**DONE** and **ORDERED** in Fort Myers, Florida, this 26th day of October, 2015.

*[Signature]*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record