UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

BERNICE BATTLE and WILLIE
BATTLE,

      Plaintiffs,

v.                                    Case No:  2:15-cv-563-FtM-38CM

AMERICAN HOME MORTGAGE
SERVICING INC.,

      Defendant.

_____/

### ORDER[1]

    This matter comes before the Court on Defendant American Home Mortgage Servicing, Inc. d/b/a Homeward Residential, Inc.'s Motion to Dismiss Plaintiffs' Amended Complaint (Doc. #40) filed on December 14, 2015.  Plaintiffs Bernice Battle and Willie Battle recently retained counsel, who filed an untimely Response in Opposition (Doc. #43) on January 29, 2016.  The matter is ripe for review.

### Background[2]

    This action arises from the mortgage, and subsequent foreclosure, of 1924 Fountain Street, Fort Myers, Florida 33916 ("the Property").  Plaintiffs purchased the Property by executing and delivering a promissory note to Ameriquest Mortgage

---

[1] Disclaimer:  Documents filed in CM/ECF may contain hyperlinks to other documents or websites.  These hyperlinks are provided only for users' convenience.  Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees.  By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites.  Likewise, the Court has no agreements with any of these third parties or their websites.  The Court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

[2] The Complaint alleges the following facts, which the Court accepts as true for the purpose of deciding the instant Motion to Dismiss. *See Speaker v. Dep't of Health and Human Servs. Ctrs. for Disease Control and Prevention, 623 F.3d 1371, 1379 (11th Cir. 2010).*

Company[3] ("Ameriquest") on May 24, 2004. (Doc. #30 at 2). A few months later, Deutsche Bank National Trust Company[4] ("Deutsche") acquired Ameriquest's interest in the note and mortgage. (Doc. #30 at 2). In 2009, the servicer of the loan switched from Ameriquest to Defendant American Home Mortgage Servicing, Inc. ("American Home"). (Doc. #30 at 3). On April 13, 2011, Deutsche filed a verified complaint for foreclosure. (Doc. #30 at 3). Three years later, the Property was sold at a foreclosure auction. (Doc. #30 at 3). On these limited facts, Plaintiffs now assert two counts against American Home – Negligence (Count 1) and Fraud (Count 2). (Doc. #30 at 3-7).

### Standard

In deciding a Rule 12(b)(6) motion to dismiss, the Court limits its consideration to well-pleaded factual allegations, documents central to, or referenced in, the complaint, and matters judicially noticed. *La Grasta v. First Union Sec., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004). The Court must accept all factual allegations in a plaintiff's complaint as true and take them in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). Conclusory allegations, however, are not entitled to a presumption of truth. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Marsh v. Butler County, Ala.*, 268 F.3d 1014, 1036 n. 16 (11th Cir. 2001).

The Court employs the Twombly–Iqbal plausibility standard when reviewing a complaint subject to a motion to dismiss. *Randall v. Scott*, 610 F.3d 701, 708 n.2 (11th Cir. 2010). A claim is plausible if the plaintiff alleges facts that "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*,

---

[3] Ameriquest has since been dismissed from this action. (Doc. #23).

[4] Deutsche has since been dismissed from this action. (Doc. #24).

556 U.S. at 678.  The plausibility standard requires that a plaintiff allege sufficient facts "to raise a reasonable expectation that discovery will reveal evidence" that supports the plaintiff's claim.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007); *Marsh*, 268 F.3d at 1036 n.16.  Thus, "the-defendant-unlawfully harmed me accusation" is insufficient.  *Iqbal*, 556 U.S. at 677.  "Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement."  *Id.* (internal modifications omitted).  Further, courts are not "bound to accept as true a legal conclusion couched as a factual allegation."  *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

## Discussion

### A.  Failure to State a Claim

American Home first contends each count asserted against it must be dismissed for failure to state a claim.  (Doc. #40 at 4-9).  Plaintiffs failed to respond to this argument.  (Doc. #43).  The Court agrees with American Home and will evaluate this argument on a claim-by-claim basis.

The first claim asserted against American Home is for negligence.  (Doc. #30 at 3-5).  There are four elements to a negligence claim under Florida law: (1) duty; (2) breach; (3) causation; and (4) damages.  *See Curd v. Mosaic Fertilizer, LLC*, 39 So. 3d 1216, 1227 (Fla. 2010).  Count I only facially pleads the first two elements for a negligence cause of action.  Plaintiffs allege American Home owed them a duty "to exercise reasonable care and skill to maintain proper and accurate loan records and to discharge and fulfill the other incidents attendant to the maintenance, accounting and servicing of loan records, including, but not limited [sic], accurate crediting of payments made by Plaintiffs."  (Doc. #30 at 3).  Plaintiffs further contend American Home breached this duty

by "failing to properly and accurately credit payments made by Plaintiffs toward the loan, preparing and filing false documents, and foreclosing on the [] Property without having the legal authority and/or proper documentation to do so." (Doc. #30 at 4).  As a direct and proximate result of American Home's negligence, Plaintiffs claim to have suffered "general and special damages in an amount to be determined at trial." (Doc. #30 at 4).

The Court previously dismissed Plaintiffs' negligence claim and allowed Plaintiffs the opportunity to amend their Complaint to allege the requisite facts for a *prima facie* negligence claim. (Doc. #24 at 8-9).  While the Court acknowledges Plaintiffs' attempt in the Amended Complaint, the additional facts remain insufficient to establish the third and fourth elements of a *prima facie* negligence claim. (Doc. #30 at 4-5).  The newly asserted facts appear to relate to Plaintiffs' foreclosure action resolved in state court. (Doc. #30 at 4-5).  But these facts do not help establish the missing allegation necessary to support the negligence claim.  Without more, the third and fourth elements remain naked assertions and fail to support a *prima facie* negligence claim under Florida law.  Therefore, Count 1, as asserted against American Home, must be dismissed without prejudice.  The Court will allow Plaintiffs the opportunity to amend this claim to allege the additional factual details necessary to assert a *prima facie* negligence claim.

The second claim asserted against American Home is for fraud.  (Doc. #30 at 5-7).  Federal Rule of Civil Procedure 9(b) demands that when alleging fraud, "a party must state with particularity the circumstances constituting fraud. . . ." This means "a plaintiff must plead facts as to time, place and substance of the defendant's alleged fraud, specifically the details of the defendant's allegedly fraudulent acts, when they occurred, and who engaged in them." *United States v. McInteer*, 470 F.3d 1273, 1278 (11th Cir.

2006).  Stated differently, "[t]his means who, what, when, where, and how: the first paragraph of any newspaper story."  *Garfield v. NDC Health Corp.*, 466 F.3d 1255, 1262 (11th Cir. 2006).

Count 2 fails to meet this standard.  In alleging fraud, Plaintiffs attempt to provide specific details by attaching Exhibits G and M to their Amended Complaint.  Even with this documentation, the Court finds that Plaintiffs still fail to provide specific details. Instead, Plaintiffs rely on the general allegation that American Home "failed to properly credit payments made" to support Deutsch's foreclosure of the Property.  (Doc. #30 at 6). The remaining allegations contend American Home "concealed material facts known to [American Home] but not to Plaintiffs regarding payments, notices, assignments, transfers, insurance, late fees and charges with the intent to defraud Plaintiffs."  (Doc. #30 at 6).  But these allegations fail to meet Rule 9(b)'s pleading standard.  Consequently, Count 2, as asserted against American Home, must be dismissed without prejudice.  The Court will allow Plaintiffs the opportunity to amend this claim to allege the who, what, when, where, and how, necessary to meet Rule 9(b)'s pleading standard.

## B.  Res Judicata

In the alternative to its failure to state a claim argument, American Home argues res judicata bars Plaintiffs' claims. Plaintiffs disagree and argue that res judicata is not applicable here because (1) there was not a final judgment on the merits, and (2) American Home was not a party to the underlying state-court action.  At this stage in the litigation, the Court agrees with Plaintiffs, in part.

Pursuant to Florida law, the doctrine of res judicata provides:

A judgment on the merits rendered in a former suit between the same parties or their privies, upon the same cause of action, by a court of competent jurisdiction,

is conclusive not only as to every matter which was offered and received to sustain or defeat the claim, but as to every other matter which might with propriety have been litigated and determined in that action.

*Fla. Dep't of Transp. v. Juliano*, 801 So. 2d 101, 105 (Fla. 2001) (citation omitted). Determining whether this doctrine applies therefore requires the Court to consider whether the alleged prior decision (1) was rendered by a court of competent jurisdiction; (2) was final; (3) involved the same parties or their privies; and (4) involved the same causes of action.

The first two elements are without dispute. The Circuit Court of the Twentieth Judicial Circuit, in and for Lee County, Florida is undoubtedly a court of competent jurisdiction for a foreclosure action. *See* Fla. Stat. § 26.012(g) ("[Circuit courts] shall have exclusive original jurisdiction . . . in all actions involving the title and boundaries of real property."). Additionally, there is no doubt that the Florida state court entered a final judgment regarding Plaintiff's foreclosure action. (Doc. #10-4).

The third element asks whether the state court action involved the same parties or their privies. In a previous Order, the Court found res judicata was inapplicable because American Home had failed to argue that it was a party to the foreclosure action, or one of those parties' privies. (Doc. #24). This time, American Home acknowledges that it was not a party to the foreclosure action. But it nevertheless believes res judicata is applicable because it was at the "center of the Foreclosure Action." To be exact, American Home points the Court's attention to the fact that it serviced the loan at issue from 2009-2013. (Doc. #40 at 6). Yet American Home fails to cite any precedent, and the Court is aware of none, providing that a mortgage servicer is in privity with a mortgagee for res judicata purposes. Absent such precedent, the Court finds that the third element remains unmet.

Consequently, at this stage in the litigation, American Home's res judicata argument must be denied.

*C. Motion to Strike*

American Home also moves to strike Plaintiffs' request for punitive damages. (Doc. #40 at 9-10).  But this request is now moot, as the Court has dismissed, without prejudice, the only two claims asserted in Plaintiffs' Amended Complaint.  Should Plaintiffs amend their claims once again, American Home is welcome to renew its request at that time.

Accordingly, it is now

**ORDERED:**

1.  Defendant American Home Mortgage Servicing, Inc. d/b/a Homeward Residential, Inc.'s Motion to Dismiss Plaintiffs' Amended Complaint (Doc. #40) is **GRANTED in part**.

2.  Counts 1 and 2, as asserted against Defendant American Home Mortgage Servicing, Inc. d/b/a Homeward Residential, Inc., are **DISMISSED without prejudice**.

3.  Plaintiffs have until **March 4, 2016**, to amend these claims, as specified above.

**DONE** and **ORDERED** in Fort Myers, Florida, this 19th day of February, 2016.

*Sheri Polster Chappell*

**SHERI POLSTER CHAPPELL**
**UNITED STATES DISTRICT JUDGE**

Copies:  All Parties of Record