UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

BERNICE BATTLE and WILLIE
BATTLE,

      Plaintiffs,

v.                                            Case No:   2:15-cv-563-FtM-38CM

AMERICAN HOME MORTGAGE
SERVICING INC.,

      Defendant.

## REPORT AND RECOMMENDATION[1]

This matter comes before the Court upon review of Plaintiffs Bernice Battle and Willie Battle's Opposed Third Motion for Leave to Add Additional Counts to Second Amended Complaint (Doc. 60) filed on May 6, 2016.  Defendant American Home Mortgage Servicing, Inc. filed a response in opposition to the motion (Doc. 61) on May 20, 2016.   The matter is ripe for review.

### Background

This action arises from the mortgage, and subsequent foreclosure, of 1924 Fountain Street, Fort Myers, Florida 33916 (the "Property").   Doc. 50 at 2. Plaintiffs Bernice Battle and Willie Battle ("Plaintiffs") purchased the Property by

---

[1] A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions.  A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.   See 11th Cir. R. 3-1.  **In order to expedite a final disposition of this matter, if the parties have no objection to this Report and Recommendation, they promptly may file a joint notice of no objection.**

executing and delivering a promissory note to Ameriquest Mortgage Company ("Ameriquest") on May 24, 2004.  *Id.*  A few months later, Deutsche Bank National Trust Company ("Deutsche") acquired Ameriquest's interest in the note and mortgage.  *Id.*  In 2009, the servicer of the loan switched from Ameriquest to Defendant American Home Mortgage Servicing, Inc. ("Defendant").  *Id.*  On April 13, 2011, Deutsche filed a verified complaint for foreclosure.  *Id.* at 3.  Three years later, the Property was sold at a foreclosure auction.  *Id.*

Plaintiffs initially filed their first complaint (the "First Complaint") *pro se* against Defendant, Deutsche, and Ameriquest.  Doc. 2.  The First Complaint alleges specifically four counts against Defendant — Negligence, Fraud, Void or Cancel Certificate of Title, and Breach of Implied Covenant of Good Faith and Fair Dealing.  *Id.*  Ameriquest filed a Motion to Dismiss Plaintiffs' Complaint on September 22, 2015 while Deutsche, together with Defendant, filed theirs on September 24, 2015.  Docs. 7, 10.  The Court granted all of the motions and dismissed the counts against Ameriquest and Deutsche with prejudice, terminating both of them from this action.  Docs. 23, 24.  With regard to Defendant, the Court dismissed the claim to void or cancel certificate of title with prejudice and the three claims of negligence, fraud, and breach of the implied covenant of good faith and fair dealing without prejudice.  Doc. 24.  The Court allowed Plaintiffs until November 12, 2015 to amend those three claims as specified in the Order.  *Id.*

Plaintiffs filed an amended complaint (the "First Amended Complaint") on November 18, 2015,[2] alleging two causes of action for negligence and fraud against Defendant. Doc. 30. Defendant moved to dismiss this complaint on December 14, 2015. Doc. 40. The Court granted in part and denied in part the motion by dismissing the two counts of negligence and fraud without prejudice and allowing Plaintiffs until March 4, 2016 to amend the two counts as specified in the Order.[3] Doc. 44. The Order instructed Plaintiffs to amend (1) the claim of negligence to "allege the additional factual details necessary to assert a *prima facie* negligence claim," and (2) the claim of fraud to "allege the who, what, when, where, and how, necessary to meet Rule 9(b)'s pleading standard." *Id.* at 4-5. On March 9, 2016, the Court entered a Case Management Scheduling Order ("CMSO"), which set the deadline for motions to add parties or amend the pleadings to March 15, 2016. Doc. 48.

Meanwhile, Plaintiffs, who were proceeding as *pro se*, retained attorney Kelley A. Bosecker. Doc. 42. She filed a Notice of Appearance on January 11, 2015. *Id.* After the deadlines of March 15, 2016 to file a motion to amend the pleading and of March 19, 2016 to file an amended complaint had passed, Plaintiffs filed a Motion for Leave to Add Additional Counts to Amended Complaint as well as the Second

---

[2] Plaintiffs filed a motion for extension of time to file an amended complaint on November 16, 2015, four days after the deadline of November 12, 2015 had passed. Doc. 28. The Court granted the motion and accepted the amended complaint as timely filed because Plaintiffs "[were] proceeding *pro se*." Doc. 29. The Court warned that in the future, Plaintiffs must file a motion before the applicable deadline passes. *Id.*

[3] Plaintiffs filed a Motion for Extension of Time to File Amended Complaint, and the Court granted the motion, extending the deadline to March 19, 2016. Docs. 46, 47.

Amended Complaint for Negligence and Fraud (the "Second Amended Complaint") on March 21, 2016.  Doc. 50.  The Second Amended Complaint alleges not only the two amended counts of negligence and fraud but also four new, additional counts: violations of Florida Deceptive and Unfair Trade Act, common law fraud and aiding & abetting fraud, unjust enrichment, and breach of fiduciary duty.  *Id.*  The Court denied the motion to add additional claims for Plaintiffs' non-compliance with local rules 3.01(g) and 4.01.   Doc. 52.

On March 30, 2016, Plaintiffs filed an Amended Motion for Leave to Add Additional Counts to Amended Complaint.  Doc. 53.  Defendant submitted a response in opposition to the motion and moved to dismiss the Second Amended Complaint on April 4, 2016.  Docs. 53, 54.  Plaintiffs filed a second amended motion to add additional counts on April 28, 2016, alleging that they have complied with Local Rule 4.01 and conferred with the opposing counsel.  Doc. 57.  Simultaneously, Plaintiffs filed a reply to Defendant's response in opposition to their motion to add without obtaining leave of court.[4]  Doc. 58.

On April 29, 2016, the Court denied Plaintiff's Second Amended Motion for Leave to Add Additional Counts to Amended Complaint without prejudice "to be refiled in accordance with the local rules."  Doc. 59.  The same order struck the Second Amended Complaint because Plaintiffs filed it "as a separate docket entry prior to the Court granting leave to add the additional counts."  *Id.*  As a result,

---

[4] Local Rule 3.01(c) does not allow a party to file a reply "unless the Court grants leave."

Defendant's Motion to Dismiss (Doc. 54) and Plaintiffs' Motion for Extension of Time to Respond to the Motion to Dismiss (Doc. 55) were denied as moot.  *Id.*

Plaintiffs filed an Opposed Third Amended Motion for Leave to Add Additional Counts to Second Amended Complaint (Doc. 60) on May 6, 2016.[5]  Defendant submitted a brief in opposition, arguing that Plaintiffs have no operative complaint to which additional counts may be added to, and that the motion for leave should be denied for futility.  Doc. 61.  On June 14, 2016, after the Court received notice from attorney Bosecker that she had been suspended from practice until July 12, 2016, the Court directed Plaintiffs to represent themselves *pro se* during that time and to have counsel file a Notice of Appearance should they elect to retain new counsel.  Doc. 62. After two months of silence by both parties, Defendant filed a Motion for Extension of Time of Discovery Deadline on August 5, 2016, seeking to set new discovery deadlines.  Doc. 63.

On September 1, 2016, the Court entered an order directing attorney Bosecker to advise the Court whether (1) she is eligible to practice as a licensed attorney in the State of Florida, and (2) she continues to represent Plaintiffs in this case.  Doc. 64. The report was due on or before September 2, 2016.  *Id.*  Attorney Bosecker notified the Court that her suspension from practice ended on July 11, 2016, and that she continues to represent Plaintiffs.  Doc. 66.

---

[5] Even though the motion states that Plaintiffs filed it *pro se*, the motion still bears attorney Bosecker's signature and her certificate of service.  Doc. 60.

### Discussion

Plaintiffs clearly have leave of court to amend the two counts of negligence and fraud as specified in the Order issued on February 19, 2016 (Doc. 44). However, they are seeking additional leave of court to further amend the complaint so that they can file an amended complaint with six counts, two amended and four new counts, instead of one that alleges just two amended counts as instructed in the Order (Doc. 44). If the Court grants this third amended motion for leave to amend to add counts,[6] Plaintiffs can then file an amended complaint that alleges six counts in its entirety. Alternatively, if this motion is denied, Plaintiffs may file an amended complaint that alleges the two counts as originally instructed.

A party's motion to amend pleadings filed after the deadline set forth in the CMSO may be granted only upon a showing of good cause as prescribed by Rule 16(b) of the Federal Rules of Civil Procedure. *Sosa v. Airprint Sys., Inc.,* 133 F.3d 1417 (11th Cir.1998); *Thorn v. Blue Cross & Blue Shield of Fla. Inc.,* 192 F.R.D. 308 (M.D. Fla. 2000). Once good cause is shown, the court may consider whether leave should be granted under Rule 15.[7] *Thorn,* 192 F.R.D. at 309-10. Here, because Plaintiffs filed the motions for leave to amend after the deadline to amend the pleadings, the Rule 16(b)'s standard of good cause governs. *See id.* Plaintiffs began filing their motions for leave to amend the complaint to add additional counts after the March 15 deadline for amending the pleading: the first one on March 21, 2016, the amended

---

[6] The Court notes that this present motion complies with local rules 3.01(g) and 4.01.

[7] Rule 15(a) of the Federal Rules of Civil Procedure provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave."

one on March 30, 2016, the second amended one on April 28, 2016, and the third amended one on May 6, 2016.

"This good cause standard precludes modification unless the schedule cannot be met despite the diligence of the party" seeking to amend. *Sosa*, 133 F.3d at 1418 (internal quotations and citation omitted). The Court examines three factors in assessing the party's exercise of diligence: "1) the plaintiff failed to ascertain facts prior to filing the complaint and to acquire information during the discovery period; 2) the information supporting the proposed amendment was available to the plaintiff; and 3) even after acquiring information, the plaintiff delayed in asking for amendment." *Lord v. Fairway Elec. Corp.*, 223 F. Supp. 2d 1270, 1277 (M.D. Fla. 2002); see *S. Grouts & Mortars, Inc. v. 3M Co.*, 575 F.3d 1235, 1241 n.3 (11th Cir. 2009).

Here, Plaintiffs show the lack of diligence because they failed to ascertain facts prior to filing the complaint, have had full knowledge of the facts underlying the proposed additional counts, and delayed in asking for amendment. *Lord*, 223 F. Supp. 2d at 1277; Doc. 2.

First, Plaintiffs failed to ascertain facts even after filing the First Complaint. The Court, in granting Defendant's two motions to dismiss, twice indicated that Plaintiffs need to allege additional factual details and specify who, what, when, where, and how to support their claims. Docs. 24, 44. Yet, the latest proposed complaint attached to the present motion, which is exactly the same as the Second Amended Complaint, shows that Plaintiffs still rely on the same set of facts without

ascertaining or providing necessary factual details as instructed by the Court. Doc. 60. It is also not clear from the record whether Plaintiffs have served discovery requests on Defendant as part of their efforts to collect and ascertan facts.

Second, Plaintiffs have had full knowledge of the information underlying the proposed additional counts. Plaintiffs' proposed additional counts are based on this same set of "limited" facts (Docs. 24, 44) they have alleged in the First Complaint. Docs. 2, 50. Plaintiffs repeatedly set forth the same set of facts in all three of their complaints and attached a number of exhibits allegedly as their factual basis for their complaints. Docs. 2, 30, 50.

Lastly, Plaintiffs delayed in asking for amendment. Doc. 29. When they delayed in filing their motion for extension of time (Doc. 28), the Court granted that motion since they were proceedings *pro se*, and yet, warned that in the future, they must file a motion before the deadline passes. Doc. 29. Their status of being *pro se* was no longer the case when Plaintiffs began filing their motions for leave to amend the complaint to add additional counts. Attorney Bosecker filed a Notice of Appearance on January 11, 2016, two months before the Court issued the CMSO, and also filed Plaintiffs' first motion for leave to amend to add additional counts. Docs. 42, 51. Plaintiffs, through their undersigned counsel, had ample time to file a motion for leave to amend and notice of the deadline to file such motion.

ACCORDINGLY, it is respectfully

**RECOMMENDED:**

1. Plaintiffs' Opposed Third Amended Motion for Leave to Add Additional Counts to Second Amended Complaint be **DENIED.**

2. Within seven (7) days, Plaintiffs be directed to file a Third Amended Complaint that alleges the two amended counts of negligence and fraud as permitted in the Order issued on February 19, 2016 (Doc. 44).

**DONE** and **ENTERED** in Fort Myers, Florida on this 6th day of September, 2016.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record